**Terry L. O'QUINN, Plaintiff,**

**v.**

**WORLD INDUSTRIAL CONSTRUCTORS, INC., et al. Defendants.**

**No. 1:94–CV–179.**

United States District Court,
E.D. Texas,
Beaumont Division.

Jan. 20, 1995.

Mike Jacobellis, Tonahill Hile Leister & Jacobellis, Beaumont, TX, for plaintiff.

Daniel J. Balhoff, Leonard Cardenas III, Mathews Atkinson Guglielmo & Marks, Baton Rouge, LA, for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

### BACKGROUND

Defendant, World Industrial Constructors (World) entered into a construction contract with Amerada Hess Corporation (Hess), with World agreeing to perform certain construction work (Hess–World contract) on an oil refinery that Hess was building in St. Croix in the Virgin Islands. World then entered into a subcontract (World–Merit contract) with defendant, Merit Industrial Construc-tors (Merit). Merit agreed to provide all of the mainland recruiting of construction workers necessary to complete the work outlined in the Hess–World contract.

In furtherance of the World–Merit contract, Merit set up an office in Texas and recruited Plaintiff, Terry O'Quinn, to work as a pipefitter. Plaintiff traveled to the United States Virgin Islands, was hired and began working as a pipefitter on the project. Plaintiff alleges that, in the course of his employment, he was injured due to the negligence of World and/or Merit. He now brings suit in this court.

World resists action in this court by filing a motion to dismiss for lack of personal jurisdiction. World maintains that it is a Virgin Islands corporation and that it has never conducted business in Texas. World asserts that this court lacks personal jurisdiction over it.

Plaintiff responds by directing World to Section 17.042 of the Texas Civil Practice and Remedies Code, which states:

> In addition to other acts that may constitute doing business, a nonresident does business in this state if the nonresident: ... (3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state.

According to Plaintiff, World's agent, Merit, conducted recruiting activities in Texas and thereby manufactured jurisdiction over World.

The court finds that it lacks specific jurisdiction over World for two independent reasons: (1) Merit was merely an independent contractor and its actions are not attributable to World; and (2) Plaintiff's cause of action does not arise out of, nor is it connected with, any contact that World may have directed at this forum.

### ANALYSIS

Jurisdiction over the person comes in two forms—general jurisdiction and specific jurisdiction. General jurisdiction arises when a party's contact with a forum is "systematic and continuous." When jurisdiction is general, a forum may exercise jurisdiction over a party for any cause of action, even one

unrelated to the party's contact with the forum. *Schlobohm v. Schapiro,* 784 S.W.2d 355 (Tex.1990); *Zac Smith & Co. v. Otis Elevator Co.,* 734 S.W.2d 662 (Tex.1987). Specific jurisdiction, on the other hand, can be exercised only when the cause of action arises out of, or is connected to, the party's contact with the forum. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The Texas Supreme Court has outlined three factors necessary to obtain specific jurisdiction over a nonresident corporation: (1) the nonresident defendant or foreign corporation must purposefully do some act or consummate some transaction in the forum state; (2) the cause of action must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice ... *Schlobohm,* 784 S.W.2d at 358.

Both the Plaintiff and Defendants agree that the court does not have general jurisdiction over World as World's contact with this forum has not been "systematic and continuous." The parties are divided, however, over whether this court has specific jurisdiction.

The court is unconvinced that, notwithstanding the language of § 17.042, the actions of Merit can be attributed to World and form the basis for this court asserting jurisdiction over World.

■ As a general rule, the actions of an independent contractor in a particular forum will not, by themselves, be sufficient to subject a nonresident corporation to the jurisdiction of the forum. *Smith v. Piper Aircraft Corp.,* 425 F.2d 823, 826 (5th Cir.1970). This is true even if the corporation's motivation for using an independent contractor is to avoid a particular forum's jurisdiction. *See*

*Bearry v. Beech Aircraft Corp.,* 818 F.2d 370, 375–76 (5th Cir.1987). Actions by an agent, however, can be used to establish jurisdiction over the principal. *Grand Entertainment Group v. Star Media Sales,* 988 F.2d 476, 483 (3rd Cir.1993); *Sher v. Johnson,* 911 F.2d 1357, 1362 (9th Cir.1990). Merit's status as independent contractor or agent is, therefore, a central question in the case at hand. If Merit is an agent of World, World may have purposefully availed itself to any Texas court. If Merit is merely an independent contractor, World has not directed any activities toward this forum.

■ The critical element of an agency relationship is the right to control. *Wynne v. Adcock Pipe & Supply,* 761 S.W.2d 67, 69 (Tex.App.—San Antonio 1988, writ denied); *Carr v. Hunt,* 651 S.W.2d 875, 879 (Tex. App.—Dallas 1983, writ ref'd n.r.e.). For an agency relationship to exist, the principal must have the right to control the means and the details by which the agent accomplishes his task. *Matter of Carolin Paxson Advertising, Inc.,* 938 F.2d 595, 598 (5th Cir.1991). Absent adequate proof of right to control, only an independent contractor relationship is established. *See First Nat'l Bank of Fort Worth v. Bullock,* 584 S.W.2d 548, 551–52 (Tex.App.—Dallas 1979, writ ref'd n.r.e.).

■ In the case before the court, Merit is almost certainly an independent contractor. Merit has contracted to provide recruiting services for World. The contract provides little direction as to when, where or how Merit is to perform this recruiting function.[1] In short, Merit appears to have almost complete control over the "means and the details" by which it locates and recruits the construction workers necessary to fulfill the Hess–World contract.

---

1. The contract provides:

   MERIT is to provide the labor and facilities necessary to support WORLD recruiting efforts in the contiguous United States.
   Specifically:
   1. MERIT will schedule all pre-employment examinations including but not limited to physicals, drug screens and welders testing. WORLD will provide the testing facilities and pre-employment information packets and consent forms.
   2. MERIT will coordinate and schedule all flights to St. Croix, U.S.V.I.. All flights will be provided and scheduled through the HOVIC

   Transportation Department in accordance with the WORLD/HOVIC Contract.
   3. MERIT will provide local facilities to process applications and skill tests.
   4. MERIT will conduct pre-employment interviews and background research of proposed applicants as required by WORLD Management. It is understood that MERIT does not have the authority to hire. All hiring will be done in St. Croix after meeting Hess pre-employment requirements.
   5. MERIT will be reimbursed all recruiting costs and a mutually agreeable management fee will be paid for these services.

■ Even if Merit was an agent of World, this court would lack specific personal jurisdiction as the cause of action (unsafe working conditions) does not arise out of nor is it connected with the recruiting function. *Van Pelt v. Best Workover, Inc.*, 798 S.W.2d 14, 16 (Tex.App.—El Paso 1990, no writ) (no specific jurisdiction since action for personal injury does not arise out of plaintiff's employment contract). Plaintiff belatedly argues that he was promised safe working conditions when he was recruited, so his action springs from a breach of contract related to the recruiting done by Merit. An examination of Plaintiff's Original Complaint, however, reveals that he does not assert any cause of action that even resembles breach of contract. All of his allegations sound in negligence.

## CONCLUSION

The court finds that it lacks specific jurisdiction over World for two independent reasons: (1) Merit was merely an independent contractor and its actions are not attributable to World; and (2) Plaintiff's cause of action does not arise out of, nor is it connected with, any contact that World may have directed at this forum. Accordingly, World's Motion to Dismiss for Lack of Personal Jurisdiction is GRANTED. World is Dismissed from this action.