**Peggy WILLIAMSON Individually and as Personal Representative of the Estate of Barry Williamson, Deceased, and Anne Schmidt**

v.

**PETROSAKH JOINT STOCK COMPANY OF THE CLOSED TYPE.**

Civil Action No. G–96–537.

United States District Court, S.D. Texas, Galveston Division.

Feb. 6, 1997.

Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, for Peggy Williamson, Individually and as Personal Representative of the Estate of Barry Williamson, Deceased and Anne Schmidt.

Robert D. Arredondo, Bean & Manning, Houston, TX, for Petrosakh Joint Stock Company of Closed Type.

### ORDER

KENT, District Judge.

Plaintiffs filed this wrongful death action on September 24, 1996. Now before the Court is Defendant's Motion to Quash; Alternatively Motion to Dismiss for Lack of Personal Jurisdiction of October 28, 1996. For the reasons set forth below, the Motion

to Dismiss for Lack of Personal Jurisdiction is **GRANTED.**

In 1995, Barry Williamson, husband and son of the respective Plaintiffs, was recruited by Nimir Petroleum Company U.S.A., Inc. ("Nimir USA") to work as a consultant at Defendant Petrosakh Joint Stock Company of the Closed Type's ("Petrosakh") refinery in the Sakhalin Island Region of Russia. Petrosakh is a company organized under the laws of Russia and is engaged in the exploration and production of petroleum in the Sakhalin Islands. It is not licensed to do business in Texas and owns no property in Texas, nor apparently anywhere else in the United States. It is ninety-five-percent owned by Nimir Petroleum Petrosakh Limited ("Nimir Cyprus"), a Cyprus company, and five-percent owned by the Russian State Regional Property Fund. The company that recruited Mr. Williamson, Nimir USA, is organized under the laws of Delaware and is based in Texas. Nimir USA is a sister company of Nimir Cyprus in that they share the same parent, Nimir Petroleum Company Limited, a Bermudian company. Nimir USA has a technical services contract with Petrosakh whereby Nimir USA recruits and hires independent contractor consultants to work at the Petrosakh refinery in Russia, a service for which Petrosakh pays Nimir USA a fee.

Mr. Williamson, a Texas resident, was recruited and hired in Texas by Nimir USA to work at the Petrosakh refinery as a consultant. The parties to the consulting contract were Nimir USA and Mr. Williamson. Petrosakh was not a party to the contract and did not participate in negotiating the contract, although the contract did specify that Mr. Williamson's duties under the contract were to be performed at the Petrosakh refinery in Russia. Pursuant to his consulting contract, Mr. Williamson went to work at the Petrosakh refinery in Russia as an independent contractor. Mr. Williamson's wife, Plaintiff Peggy Williamson, at some point joined him in Russia. Her travel arrangements were made by Nimir USA.

On January 9, 1996, the tragic events giving rise to this cause of action occurred. While leaving the Petrosakh site, Mr. Williamson and Plaintiff Peggy Williamson were caught in an avalanche, and Mr. Williamson was killed. Plaintiff Peggy Williamson suffered personal injuries. Plaintiffs Williamson and Schmidt have sued Defendant for the wrongful death of Mr. Williamson. Plaintiffs allege that Defendant failed to provide Mr. Williamson a safe worksite and failed to properly and safely evacuate the Williamsons from the site in the face of inclement weather.

Defendant contends that it is not amenable to the jurisdiction of this Court, or any Texas court, because it does no business in Texas and lacks sufficient contacts with Texas to make it amenable to suit here. Plaintiffs argue that Nimir USA, which is located in Dallas, Texas, is Defendant's agent and that this relationship makes Defendant subject to the jurisdiction of this Court. Defendant, however, argues that Nimir USA is not its agent but rather that they merely have a contractual relationship whereby Nimir USA provides services to Petrosakh pursuant to a technical services contract.

The plaintiffs bear the burden of establishing personal jurisdiction over the defendant. *Wilson v. Belin,* 20 F.3d 644, 648 (5th Cir.), *cert. denied,* 513 U.S. 930, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994); *Rittenhouse v. Mabry,* 832 F.2d 1380, 1382 (5th Cir.1987). This burden requires the plaintiffs to make a prima facie showing of the facts upon which jurisdiction is predicated. *Hargrave v. Fibreboard Corp.,* 710 F.2d 1154, 1159 (5th Cir.1983); *see also Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1067 (5th Cir.), *cert. denied,* 506 U.S. 867, 113 S.Ct. 193, 121 L.Ed.2d 136 (1992) (stating that proof of these facts by a preponderance of the evidence is not required). For purposes of deciding whether a prima facie showing of personal jurisdiction has been made, the Court must accept uncontroverted allegations in the pleadings and resolve factual disputes emerging from the affidavits in favor of the plaintiffs. *Wilson,* 20 F.3d at 648; *D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.,* 754 F.2d 542, 546 (5th Cir.1985). The plaintiffs need not establish all facts necessary to support a cause of action for the Court to exercise personal jurisdiction over the defendant.

Absent a challenge to the sufficiency of process or service of process, this Court needs only to consider the constraints imposed by the United States Constitution to determine whether personal jurisdiction may be asserted. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.,* 9 F.3d 415, 418 (5th Cir.1993) (stating that the Texas long-arm statute is coextensive in reach with the United States Constitution); *Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex.1990) (same) (citing Texas Civ.Prac. & Rem.Code Ann. § 17.042); *see also* Fed.R.Civ.P. 4(e)(1) (permitting service of process pursuant to the long-arm statute of the state in which the court is located). The United States Supreme Court has specifically rejected "talismanic jurisdictional formulas" for assessing the constitutionality of personal jurisdiction. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 485–86, 105 S.Ct. 2174, 2189, 85 L.Ed.2d 528 (1985).

The constitutional analysis of personal jurisdiction consists of a two-part inquiry. First, the Court must decide whether the defendant has established "minimum contacts" with the forum state. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). A defendant establishes minimum contacts with the forum state by purposefully engaging in conduct directed toward the forum state "such that [the defendant] should reasonably anticipate being haled into court there." *Burger King Corp.,* 471 U.S. at 474, 105 S.Ct. at 2183 (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)); *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984) (holding that the unilateral activity of another entity can never serve as the basis for personal jurisdiction over a defendant). If the conduct of a defendant that supports personal jurisdiction is related to a stated cause of action, personal jurisdiction is known as "specific jurisdiction." *Ruston Gas Turbines,* 9 F.3d at 418–19; *Villar v. Crowley Maritime Corp.,* 990 F.2d 1489, 1496 (5th Cir.1993), *cert. denied,* 510 U.S. 1044, 114 S.Ct. 690, 126 L.Ed.2d 658

(1994). A single contact with the forum state can support specific jurisdiction. *Ruston Gas Turbines,* 9 F.3d at 419; *Southmark Corp. v. Life Investors, Inc.,* 851 F.2d 763, 772 (5th Cir.1988). Alternatively, if a defendant has insufficient contacts related to a stated cause of action to support specific jurisdiction, "continuing and systematic" business contacts unrelated to the cause of action may confer what is known as "general jurisdiction." *Helicopteros,* 466 U.S. at 414–15, 104 S.Ct. at 1872–73; *Villar,* 990 F.2d at 1496.

If minimum contacts are found to be present, the Court must then decide whether the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158; *see also Ruston Gas Turbines,* 9 F.3d at 419 (holding that both prongs of the analysis must be satisfied before personal jurisdiction can be asserted). The fairness of exercising jurisdiction is determined by balancing "the burden on the defendant, the interests of the forum State, ... the plaintiff's interest in obtaining relief[,] ... 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies.'" *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987) (majority opinion) (quoting *World–Wide Volkswagen,* 444 U.S. at 292, 100 S.Ct. at 564 (citations omitted)); *see also Burger King,* 471 U.S. at 476–77, 105 S.Ct. at 2184 (listing the same factors). For consideration of "traditional notions of fair play and substantial justice" to preclude the exercise of jurisdiction, a defendant "must present a compelling case" that the exercise of jurisdiction would be unreasonable in light of the surrounding circumstances. *Burger King,* 471 U.S. at 477, 105 S.Ct. at 2184–85.

The Court finds that Plaintiffs have failed to meet their burden of showing that the Defendant has sufficient minimum contacts with Texas so as to subject it to the jurisdiction of this Court under either a specific or a general jurisdiction theory. Plaintiffs have offered no evidence that Defendant itself has

any direct contacts with Texas. Defendant owns no property in Texas, has no registered agent in Texas, and does no business in Texas. It is exclusively engaged in the exploration and production of petroleum in the Sakhalin Island Region of Russia. Plaintiffs do not even argue that Defendant is subject to the jurisdiction of Texas courts through its own direct activities in Texas. Plaintiffs allege, rather, that Nimir USA is Defendant's Texas agent or intermediary and that the relationship between the two companies brings Defendant within the jurisdiction of this Court.

■ Actions by an agent can be used to establish jurisdiction over the principal. *O'Quinn v. World Indus. Constructors, Inc.*, 874 F.Supp. 143, 145 (E.D.Tex.) (citations omitted), *aff'd*, 68 F.3d 471 (5th Cir.1995). The critical element of an agency relationship is the right of control, and the principal must have the right to control both the means and the details of the process by which the agent is to accomplish his task in order for an agency relationship to exist. *Matter of Carolin Paxson Advertising, Inc.*, 938 F.2d 595, 598 (5th Cir.1991) (citations omitted); *O'Quinn*, 874 F.Supp. at 145. Absent proof of the right to control, only an independent contractor relationship is established. *Carolin Paxson*, 938 F.2d at 598; *O'Quinn*, 874 F.Supp. at 145. The actions of an independent contractor by themselves are not sufficient to subject a nonresident corporation to the jurisdiction of a forum. *O'Quinn*, 874 F.Supp. at 145. Therefore, an agency relationship between Nimir USA and Defendant must be established in order to subject Defendant to the jurisdiction of this Court.

■ Despite their allegation that Nimir USA is an agent of Defendant, Plaintiffs offer no evidence that affirmatively demonstrates an agency relationship between the two companies. Instead, Plaintiffs simply assert that Nimir USA is Defendant's agent because Nimir USA recruited and hired Barry Williamson, a Texas resident, to work at Defendant's refinery in Russia. This fact alone, without further support, is insufficient to establish an agency relationship. *See id.* (finding that a company that recruited workers in Texas for a nonresident corporation

was an independent contractor and that its recruiting activities did not subject the nonresident corporation to jurisdiction in Texas). Defendant has offered evidence that indicates that Nimir USA is simply a contractor of Defendant who provides services to Defendant pursuant to a technical services contract. Plaintiffs offer no evidence that would dispute this indication, such as whether Defendant has the right to control the details and means of Nimir USA's fulfillment of its technical services contract with Defendant. Absent such evidence, the Court must find that Nimir USA is an independent contractor. As such, its actions in recruiting consultants in Texas, Mr. Williamson in particular, are insufficient to subject Defendant to the jurisdiction of the Texas courts.

The Court notes also that this case is not one in which the contacts of a subsidiary may be imputed to its parent corporation. Defendant and Nimir USA are related to each other in the corporate family sense, but they do not have a parent-subsidiary relationship. It appears from all the evidence that Nimir USA is a totally separate corporate entity from Defendant that provides services to Defendant, and other clients, pursuant to a contract and for a fee. Therefore, no agency relationship can be established between Nimir USA and Defendant simply by virtue of the fact that they are members of the same corporate family.

Because of Plaintiff's failure to establish an agency relationship between Defendant and Nimir USA, the Court finds that Defendant lacks sufficient minimum contacts with Texas to subject it to the jurisdiction of this Court. Based on the evidence submitted, it appears that Defendant lacks any continuous and systematic contacts with Texas sufficient to confer general jurisdiction. The Court finds that a finding of specific jurisdiction is also untenable because of Defendant's sparse contacts with Texas and because Plaintiffs' causes of action stemming from the death of Mr. Williamson do not arise out of Defendant's apparently sole contact with Texas, its technical services contract with Nimir USA. *See id.* at 146 (holding that no specific jurisdiction existed because plaintiff's cause of action for unsafe working conditions did not

arise out of the recruitment of plaintiff by an independent contractor).

Because the Court finds that it lacks personal jurisdiction over Defendant, the Court has no choice but to dismiss all of Plaintiffs' claims with prejudice. The Court realizes that the action it takes today may effectively extinguish any opportunity that Plaintiffs have for recovery against Defendant because they may be practically precluded from filing suit in Russia because of the sheer instability of that region of the world. The Court sympathizes with Plaintiffs because of the tragedy they have endured and because of the battle they may have ahead, but it simply cannot retain a case in which it has no jurisdiction over the Defendant.

For the reasons set forth above, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED.** Each and every claim asserted by Plaintiffs is hereby **DISMISSED WITH PREJUDICE.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** not to file anything further on these issues in this Court, including motions to reconsider or the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled from the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**

### *FINAL JUDGMENT*

For the reasons set forth in the Order issued by the Court this day, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is **GRANTED.** Each and every claim asserted by Plaintiffs is **DISMISSED WITH PREJUDICE.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date.

**THIS IS A FINAL JUDGMENT.**