William **CARTER**

v.

**M/V AMERICAN MERLIN; Osprey–Acomarit Ship Management, Inc Merlin Shipholding Corp.**

No. Civ.A. G–97–144.

United States District Court, S.D. Texas, Galveston Division.

Jan. 27, 1998.

---

Dennis M. McElwee, Schechter and Marshall, Houston, TX, for William Carter, Plaintiff.

James Richard Watkins, Royston, Rayzor, Vickery and Williams, LLP, Galveston, TX, for Defendants.

## *ORDER*

KENT, District Judge.

Plaintiff William Carter brings claims against Defendants for injuries sustained while employed by Defendant Osprey–Acomarit Ship Management, Inc. Now before the Court is Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, filed November 3, 1997. For the reasons stated below, the Motion is **GRANTED.**

■ In federal court, personal jurisdiction over a non-resident defendant is proper if: (1) the defendant is amenable to service of process under the forum state's long-arm statute; and (2) the exercise of personal jurisdiction over the defendant is consistent with due process. *Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061 (5th Cir.), *cert. denied,* 506 U.S. 867, 113 S.Ct. 193, 121 L.Ed.2d 136 (1992). The Texas long-arm statute authorizes service of process on a non-resident defendant if the defendant "does business" in Texas. TEX.CIV. PRAC. & REM.CODE ANN. § 17.042. Because the phrase "doing business" has been interpreted to reach as far as Constitutionally permissi-

ble, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due process inquiry. *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir.1993); *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356–57 (Tex.1990).

Whether the exercise of personal jurisdiction over a defendant is consistent with the Due Process Clause of the United States Constitution involves a two-pronged inquiry. First, the Court must conclude that the defendant has "minimum contacts" with Texas. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Second, the Court must also conclude that requiring a defendant to litigate in Texas does not offend "traditional notions of fair play and substantial justice." *Id.; see also Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir.), *cert. denied*, 513 U.S. 930, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994); *Ruston*, 9 F.3d at 418.

■ The "minimum contacts" aspect of due process can be satisfied by a finding of either specific jurisdiction or general jurisdiction. *Wilson*, 20 F.3d at 647. For general personal jurisdiction, the defendant's contacts with the foreign state must be both "continuous and systematic" and "substantial." *Id.* at 647, 650–51. Specific personal jurisdiction exists over a non-resident defendant if the defendant has " 'purposefully directed' his activities at the residents of the forum, and the litigation results from alleged injuries that 'arise from or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (citations omitted); *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489 (5th Cir.1993), *cert. denied*, 510 U.S. 1044, 114 S.Ct. 690, 126 L.Ed.2d 658 (1994).

Carter was injured on or about January 29, 1996 while serving as a member of the crew of the M/V AMERICAN MERLIN, which is managed by Defendant Osprey–Acomarit and owned by Defendant Merlin Shipholding Corporation. Both companies list Bethesda, Maryland as their principal place of business, and Plaintiff acknowledges that the Defendant companies are residents of Maryland. The injury occurred on board the M/V AMERICAN MERLIN while the vessel was near Malaga, Spain. Although Carter argues that he has been a resident of Galveston, Texas for the past sixteen months, Defendants assert, and Carter does not dispute, that he listed New Orleans, Louisiana as his permanent address on the injury report. Defendants' only contact with the State of Texas appears to be that Osprey–Acomarit Ship Management has employed Texans as crew members in the past. Merlin Shipholding Corp. has had no contacts whatsoever with the State of Texas.

■ Specific jurisdiction clearly does not apply to this case, because no activities in Texas are alleged to form the basis of this litigation. Although specific jurisdiction may exist had Plaintiff lived in Texas when he was hired, and had he been recruited by Defendant in Texas, see *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 883 (5th Cir.1993), Plaintiff does not allege such facts.

■ In an attempt to support general jurisdiction, Carter argues that Defendants have hired and employed at least eleven seamen to work aboard vessels since 1991.[1] This fact appears to be true. However, in reply Defendants offer evidence that the crew members employed by Osprey–Acomarit are members of the Seafarer's International Union headquartered in Maryland, and are recruited through the hiring hall located in Piney Point, Maryland. On these facts, such contacts are minimal at best, and clearly do not rise to the level of "continuous and systematic" and "substantial," as necessary to establish minimum contacts. *Cf. Conti v. Pneumatic Products Corp.*, 977 F.2d 978, 982 (6th Cir.1992) (no personal jurisdiction over Florida company who recruited an Ohio employee through a local executive recruiting firm). Therefore, the Court finds that Defendants do not have minimum contacts with Texas, and consequently that the exercise of personal jurisdiction would be improper. Even assuming that employing Texans in such a happenstance manner were sufficient to support minimum contacts, the Court finds

1. Although Plaintiff does not delineate which Defendant hired and employed Texans, the facts show that it was Osprey–Acomarit rather than Merlin Shipbuilding.

that requiring these Defendants to litigate in Texas would offend "traditional notions of fair play and substantial justice" because Defendants could not have reasonably expected to be haled into a Texas court on such minimal contacts.

 Plaintiff also argues that this Court should consider the fact that he now lives in Galveston, that virtually all of Plaintiff's medical care has taken place in the Houston/Galveston area, and that no witnesses other than Defendants' corporate representatives reside in Maryland. If the Court were considering the propriety of venue, then indeed these considerations might be influential. These factors are not, however, relevant in the personal jurisdiction analysis, which is a prerequisite to venue considerations. Without personal jurisdiction, the Court does not even reach a venue analysis. Plaintiff's reliance on such factors is therefore misplaced.

Accordingly, for the reasons stated above, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is hereby **GRANTED,** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**[2] All parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date.

**IT IS SO ORDERED.**

### FINAL JUDGMENT

For the reasons set forth in the Court's Order entered this date, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction is hereby **GRANTED,** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.** All parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date.

**THIS IS A FINAL JUDGMENT.**

**IT IS SO ORDERED.**

---

**2.** Although it is within the Court's discretion to transfer the case under 28 U.S.C. § 1406(a), see *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 465–66, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), the Court declines to do so. Plaintiff has not requested a transfer in the alternative; moreover, the Court notes that under 46 U.S.C. § 763(a) Plaintiff has a three-year statute of limitations for his cause of action. Because the alleged injuries occurred in January of 1996, Plaintiff has plenty of time in which to refile his cause of action wherever he deems appropriate.