**Davie Drexel GUYTON,**

v.

**PRONAV SHIP MANAGEMENT, INC., and Hull Fifty Corporation.**

No. CIV. A. G–00–167.

United States District Court, S.D. Texas, Galveston Division.

April 17, 2001.

Ronald L. White, White Mackillop et al., Houston, TX, mediator.

Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, for plaintiff.

Charles Aldine Hammaker, III, Gardere Wynne et al., James J. Sentner, Jr., Gardere Wynne Sewell & Riggs, Houston, TX, for defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' RULE 12(B) MOTION TO DISMISS

KENT, District Judge.

Plaintiff brings this action against Defendants for personal injuries allegedly incurred aboard the S/S LNG LIBRA. Now before the Court is Defendants' Rule 12(b) Motion to Dismiss. For the reasons stated below, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART.**

### I. BACKGROUND

Plaintiff is a lifelong resident of Texas who claims to have worked aboard vessels owned and operated by Defendants since November of 1998. Plaintiff alleges that on November 24, 1999, he fell in his service aboard the S/S LNG LIBRA ("LNG LIBRA"), injuring his back, neck, and shoulder. The vessel was somewhere between Japan and Indonesia at the time of the incident. Defendants Pronav Ship Management, Inc. ("Pronav") and Hull Fifty Corporation ("Hull Fifty") are alleged to have been, respectively, the operator and owner of the LNG LIBRA. Plaintiff brings claims under the Jones Act and general maritime law alleging that his injuries were caused by Defendants' negligence and the unseaworthiness of the vessel.

Defendants argue that the Court lacks personal jurisdiction over them. Defendants are Delaware corporations both claiming to have their principal places of business outside of Texas. Plaintiff was contacted for his work aboard the LNG LIBRA through his union, Seafarers International Union ("SIU"). Pronav contacted SIU's manpower pool in Piney Point, Maryland, which in turn contacted the SIU hiring hall in Houston. Plaintiff alleges that he was specifically sought out for employment by Pronav.

### II. ANALYSIS

■ In federal court, personal jurisdiction over a nonresident defendant is proper if: (1) the defendant is amenable to service of process under the forum state's long-arm statute; and (2) the exercise of personal jurisdiction over the defendant is consistent with due process. *See Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1067 (5th Cir.1992). The Texas long-arm statute authorizes service of process on a nonresident defendant if

the defendant is determined to be "doing business" in Texas. *See* Tex. Civ. Prac. & Rem.Code Ann. § 17.042. Because the phrase "doing business" has been interpreted to reach as far as the United States Constitution permits, the jurisdictional inquiry under the Texas long-arm statute collapses into a single due-process inquiry. *See Ruston Gas Turbines, Inc. v. Donaldson Co.,* 9 F.3d 415, 418 (5th Cir.1993).

▆▆▆▆ Whether the exercise of personal jurisdiction over Defendants is consistent with the Due Process Clause of the United States Constitution likewise requires a two-pronged inquiry. First, the Court must conclude that Defendants have "minimum contacts" with Texas. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Second, the Court must determine that requiring Defendant to litigate in Texas does not offend "traditional notions of fair play and substantial justice." *Id.; see also Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir.1994); *Ruston Gas Turbines,* 9 F.3d at 418. The "minimum contacts" aspect of due process can be satisfied by either finding specific jurisdiction or general jurisdiction. *See Wilson,* 20 F.3d at 647. If the conduct of a defendant that supports personal jurisdiction is related to a stated cause of action, personal jurisdiction is known as "specific jurisdiction." *See Ruston Gas Turbines,* 9 F.3d at 418–19. The minimum contacts prong for specific jurisdiction can be satisfied by a single act if the nonresident defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefit and protection of its laws." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985) (holding that a defendant establishes minimum contacts by purposely engaging in conduct directed toward the forum state "such that [the defendant] should reasonably anticipate being haled into court there"); *Han-*

*son v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958); *see also Bullion v. Gillespie,* 895 F.2d 213, 216 (5th Cir.1990) ("It is well settled that specific jurisdiction may arise without the nonresident defendant's ever stepping foot upon the forum state's soil . . . ."). Alternatively, if a defendant has insufficient contacts related to a stated cause of action to support specific jurisdiction, contacts unrelated to the cause of action may confer general jurisdiction. However, these contacts with the foreign state must be both "continuous and systematic" and "substantial." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984).

▆▆▆ At the outset, the Court notes that although the burden is on Plaintiff, he need only make a prima facie showing of jurisdiction, and his allegations in that regard are to be taken as true unless controverted; moreover, any conflicts are to be resolved in his favor. *See Asarco, Inc. v. Glenara, Ltd.,* 912 F.2d 784, 785 (5th Cir. 1990).

A. *Minimum Contacts*

1. *Pronav*

▆▆▆▆ Plaintiff argues that specific jurisdiction exists in this case because he was hired in Texas. Pronav responds that it did not contact Texas to recruit Plaintiff, and that even had it done so, such contact had nothing to do with Plaintiff's injury. The Court first considers Pronav's argument that it did not contact Texas to recruit Plaintiff. It is undisputed that an intermediary, SIU, Plaintiff's union, contacted Plaintiff in Texas regarding employment aboard the LNG LIBRA. Plaintiff argues that this contact can be imputed to Pronav because SIU acted as an agent for Pronav in contacting Plaintiff. An agent's contacts can be imputed to the principal for the purposes of the jurisdictional inqui-

ry. *See Burger King,* 471 U.S. at 480 n. 22, 105 S.Ct. at 2186; *Product Promotions, Inc. v. Cousteau,* 495 F.2d 483, 492 (5th Cir.1974); *O'Quinn v. World Indus. Constructors, Inc.,* 874 F.Supp. 143, 145 (E.D.Tex.) (citations omitted), aff'd, 68 F.3d 471 (5th Cir.1995). The critical element of an agency relationship is the right of control, and the principal must have the right to control both the means and the details of the process by which the agent is to accomplish his task in order for an agency relationship to exist. *Matter of Carolin Paxson Advertising, Inc.,* 938 F.2d 595, 598 (5th Cir.1991) (citations omitted); *O'Quinn,* 874 F.Supp. at 145; *Williamson v. Petrosakh Joint Stock Co.,* 952 F.Supp. 495, 498 (S.D.Tex.1997) (Kent, J.). Absent proof of the right to control, only an independent contractor relationship is established. *Carolin Paxson,* 938 F.2d at 598; *O'Quinn,* 874 F.Supp. at 145; *Williamson,* 952 F.Supp. at 498. The actions of an independent contractor by themselves are not sufficient to subject a nonresident corporation to the jurisdiction of a forum. *O'Quinn,* 874 F.Supp. at 145; *Williamson,* 952 F.Supp. at 498. Therefore, an agency relationship between SIU and Pronav must be established in order to subject Defendant to the jurisdiction of this Court.

■ Plaintiff alleges that he was a permanent member of a rotation list created by the SIU under the direction of Pronav. He worked a regular schedule and had worked for Pronav many times in the past. He was part of the LNG "crew pool." To maintain his employment with Pronav, he only had to keep his certification current, and he was never rejected from a rotation. Plaintiff also alleges that Pronav hired a travel agent to arrange for Plaintiff's travel from Texas. Pronav does not specifically controvert these allegations. Instead, it argues that deeming SIU to be an agent of Pronav would "turn the laws of organized labor on its head" because "the union is the agent *on behalf of its* employees for the purpose of negotiating *against* the employer." Although this may be true generally, the Court concludes, based on Plaintiff's allegations, that SIU nevertheless acted as an agent in this instance. Under the terms of its agreement with Pronav, SIU agreed to provide personnel to Pronav as required. Plaintiffs allegations indicate that he was more than just a randomly chosen employee. He had an employment history with Pronav and was a permanent member of a rotation list. Taking Plaintiff's allegations as true and resolving conflicts in Plaintiff's favor, the Court concludes that Pronav sought out Plaintiff in Texas for employment through SIU. In fact, two of the principal cases cited by Defendants in support of their position actually attribute a union's contacts to the employer. *See Ricord v. Energy Transp. Co.,* 1993 WL 459937, * 2 (E.D.La. Nov.2, 1993)("The only contact that [defendant] has with Louisiana was the fortuitous hiring of plaintiff through the union"), *aff'd* 24 F.3d 236 (5th Cir. 1994); *see also Carter v. M/V American Merlin,* 991 F.Supp. 853, 855 (S.D.Tex. 1998)(Kent, J.)(describing SIU's hiring of employees as contacts, but concluding that they alone would not satisfy the test for *general* jurisdiction).[1]

---

1. The ultimate decision in *Ricord* differs from the decision the Court reaches here. In *Ricord,* the Court concluded that hiring in Louisiana was not sufficiently related to Plaintiff's injury to support specific jurisdiction. *Ricord,* 1993 WL 459937, at *4. As explained in more detail below, to the extent that the decisions conflict, we respectfully disagree with our sister Court, based on *Coats v. Penrod Drilling Corp.,* 5 F.3d 877, 884 (5th Cir.1993), *reh'g granted,* 20 F.3d 614 (1994), *relevant part reinstated,* 61 F.3d 1113 (1995). The Fifth Circuit's affirmance of *Ricord* was without opinion, and hence has no precedential value. *Ricord,* 24 F.3d at 236; 5th Cir. R. 47.6.

Having determined that SIU's hiring of Plaintiff in Texas can be imputed to Pronav, the Court next concludes that this hiring is sufficiently related to Plaintiff's cause of action to support specific jurisdiction. *See Coats,* 5 F.3d at 884; *Carter,* 991 F.Supp. at 855 ("[S]pecific jurisdiction may have existed had Plaintiff lived in Texas when he was hired, and had he been recruited by Defendant in Texas."). In *Coats,* the plaintiff was a Mississippi resident injured in the Persian Gulf while working for a defendant in the case. *Coats,* 5 F.3d at 880. Plaintiff brought suit in Mississippi. The Court found specific jurisdiction based on the fact that the defendant had directed recruiting activities to Mississippi that led to the plaintiff's hiring. *Id.* at 884. The fact that the injury did not occur during the hiring process itself did not prevent the assertion of specific jurisdiction based on this contact, nor should it in this case.

### 2. *Hull Fifty*

■ Defendant Hull Fifty played no part in the hiring of Plaintiff. Plaintiff argues that as operator of the vessel, Pronav acts as an agent for the owner of the vessel, Hull Fifty, and hence Pronav's contacts can be attributed to Hull Fifty. Plaintiff cites no case authority in support and points to no evidence in the record establishing the existence of an agency relationship between Pronav and Hull Fifty. Moreover, Plaintiff has not provided evidence of any continuous or systematic contact of Hull Fifty with Texas to support general jurisdiction. Thus, the Court concludes that Hull Fifty lacks the requisite minimum contacts with Texas for the Court to exercise personal jurisdiction over it.

### B. *Fair Play and Substantial Justice*

■ The Court next examines whether requiring Pronav to defend this suit in Texas would satisfy "traditional notions of fair play and substantial justice." *International Shoe,* 326 U.S. at 316, 66 S.Ct. at 158. In making this determination, five factors are considered by the Court: the Defendant's burden; the interests of the forum state; the Plaintiff's interest in convenient and effective relief; the interstate judicial system's interest in efficient resolution of controversies; and the shared interest of the several states in furthering fundamental substantive social policies. *See Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.,* 480 U.S. 102, 113, 107 S.Ct. 1026, 1033, 94 L.Ed.2d 92 (1987); *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980); *Ruston Gas Turbines,* 9 F.3d at 421. Once a court has found that minimum contacts exist, "[o]nly in rare cases...will the exercise of jurisdiction not comport with fair play and substantial justice when the nonresident defendant has purposefully established minimum contacts with the forum state." *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.,* 815 S.W.2d 223, 231 (Tex.1991). Indeed, once minimum contacts are established, a defendant must present "a compelling case that the presence of some consideration would render jurisdiction unreasonable." *Burger King,* 471 U.S. at 477, 105 S.Ct. at 2184.

Plaintiff is a resident of Texas, and Texas has a strong "interest in providing effective means of redress of its residents." *McGee v. Int'l Life Ins. Co.,* 355 U.S. 220, 223, 78 S.Ct. 199, 201, 2 L.Ed.2d 223 (1957); *see also Holt Oil & Gas Corp. v. Harvey,* 801 F.2d 773, 780 (5th Cir.1986). Although Pronav will undoubtedly experience some inconvenience defending suit in Texas, the Court concludes that such inconvenience is not sufficient to render jurisdiction unreasonable. The Court concludes that the exercise of jurisdiction over Pronav satisfies traditional notions of fair play and substantial justice.

### III. CONCLUSION

For the reasons stated above, Defendants' Rule 12(b) Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. The claims against Defendant Hull Fifty are **DISMISSED WITHOUT PREJUDICE**, for lack of personal jurisdiction. Defendants' Motion is **DENIED** as to Defendant Pronav. Each party is to bear its own costs in the matter incurred herein to date.

**IT IS SO ORDERED**.